UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

In the Matter of the Search Regarding:

20-080-03

No. _____3:20-mj-51_____

**APPLICATION FOR
SEARCH WARRANT "REDACTED"**

I, Corey J. Dumdei, being duly sworn depose and say:

I am a Special Agent with the United States Department of Health and Human Services, Office of Inspector General, in Sioux Falls, South Dakota, and I have reason to believe that on the person or body of ██████████████ ████████████████████, there is now concealed certain property, namely: hair and urine samples, which I believe is property constituting evidence of the commission of a criminal offense, namely Possession of a Controlled Substance, in violation of 21 U.S.C. § 844.

The facts to support a finding of probable cause are contained in my Affidavit filed herewith, and attached hereto and incorporated by this reference.

Dated this 12ᵗʰ day of August, 2020.

Corey J. Dumdei
Special Agent
U.S. Department of Health & Human Services
Office of Inspector General

Subscribed and sworn to before me through telephonic communication the ____12th____ day of August, 2020, at Sioux Falls, South Dakota.

VERONICA L. DUFFY
United States Magistrate Judge

Page 2 of 2

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

|  |  |
|---|---|
| In the Matter of the Search Regarding:<br><br>20-080-03 | No. ___3:20-mj-51_____<br><br>**AFFIDAVIT IN SUPPORT OF<br>APPLICATION FOR<br>SEARCH WARRANT<br>"REDACTED"** |

STATE OF SOUTH DAKOTA    )
                         )
COUNTY OF MINNEHAHA      )

I, Corey J. Dumdei, Special Agent for the U.S. Department of Health and Human Services, Office of Inspector General, Office of Investigations, after being duly sworn on oath, do depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.     I am a duly authorized Special Agent for the U.S. Department of Health and Human Services, Office of Inspector General, Office of Investigations, (HHS/OIG), in Sioux Falls, South Dakota.  I have been employed as a Special Agent with HHS/OIG since May 2002.  I hold a Bachelor of Science Degree in Accounting and Criminal Justice.  I have approximately 12 hours of Master's Degree coursework in Professional Accountancy and I am a graduate of the U.S. Department of Treasury's Federal Law Enforcement Training Center's Criminal Investigator's Training Program in Glynco, Georgia.  I am also a graduate of the U.S. Treasury Inspector General for Tax Administration's Inspector General Criminal Investigator Training Program in Glynco, Georgia.  I have received

agency specific training related to the investigation of programs administered by the United States Department of Health and Human Services. I am currently a Nationally Registered and South Dakota certified Emergency Medical Technician and have held my National and South Dakota Certification since December 2006. I am a graduate of the State of South Dakota Criminal Justice Law Enforcement Standards and Training Academy. I have three years of prior law enforcement experience as a sworn police officer within the State of South Dakota. I was employed as a police officer with the City of Elk Point, South Dakota, for approximately two years and with the City of Sioux Falls, South Dakota, for approximately one year.

2.      As a Special Agent with the U.S. Department of Health and Human Services my duties and responsibilities include conducting criminal and civil investigations of individuals and businesses who have violated federal laws, specifically those laws found in United States Code Titles 18, 21, and 42.

3.      I have conducted and/or participated in investigations utilizing surveillance techniques, undercover operations, subpoenas, witness interviews, subject interviews, and search warrants. I have executed search warrants on individuals, residences, and business locations.

4.      This affidavit does not contain the entirety of my knowledge regarding this investigation. I have not withheld any information, however, that would tend to negate probable cause.

2

5.     This affidavit is made in support of an application for a search warrant to search for and seize evidence of a violation of 21 U.S.C. § 844, which criminalizes unlawful possession of a controlled substance.   The items that are the subject of the search and seizure applied for in this Affidavit are hair and urine samples from the person or body of ███████████████████ ██████████

**PROBABLE CAUSE**

6.     ██████████████████████████████████
███████████ █████████████████████████████
███████████████████████████. ████████████
██████████████████████████████████
██████████████. Both ambulance services provide advanced and basic life support (ALS and BLS) services to their respective communities.  Both ambulance services have Dr. Chad Carda as their medical director.  All controlled substances are ordered through Dr. Carda's Drug Enforcement Administration (DEA) registration number, which is also unique to each service.

7.     Fentanyl is a Schedule II controlled substance.  For medical purposes, it is a liquid kept in one-use vials, commonly 100 micrograms. Hydromorphone (Dilaudid) is a Scheduled II controlled substance usually in liquid form and kept in one-use vials, commonly 2 milligrams.

8.     For pre-hospital purposes, narcotics such as fentanyl and hydromorphone are utilized by advance life support Emergency Medical Services

3

(EMS) providers at the paramedic or higher level. Such narcotics are used at medical direction or through standing orders from the medical director. These narcotics are primarily used to treat patients suffering from acute pain, usually from traumatic injuries, but may have other uses depending on the symptoms presented by the patient.

9. At the Rosebud Sioux Tribal Ambulance Service, only paramedics have access to controlled substances by checking out a pre-stocked narcotics bag. These bags are maintained at the Rosebud Indian Hospital in a biometric safe that requires a key fob and five-digit PIN that is unique to each paramedic on the Rosebud Sioux Tribal Ambulance Service. Each of these narcotics bags are stocked with four (4) vials of fentanyl 100mg/2mL; two (2) vials of hydromorphone 2mg/mL; two (2) vials of lorazepam 2mg/mL; two (2) carpuject diazepam 10mg/1mL; two (2) midazolam vial 10mg/2mL; two (2) vials ketamine 500mg/5mL; (1) vecuronium vial 20mg powder; one (1) succinylcholine 200mg/10mL; and two (2) rocuronium 50mg/5mL. In addition, there is another safe where the remaining controlled substances are stored and used to refill any used controlled substances from the narcotics bags. This safe is accessible only to two paramedics.

10. ██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████   Upon returning the missing

narcotics bags, it was noted by Emery that all vials of fentanyl and

hydromorphone were missing ███████████████████████████████

██████████████████████.   In addition, there were other instances of

fentanyl and hydromorphone being administered, but no patient information or

medical record number was logged.

11.   At the Crow Creek Tribal Ambulance Service, only paramedics have

access to controlled substances by checking out a pre-stocked narcotics bag.

These medical bags are numbered and placed in a safe with a digital locking

mechanism only known by the paramedics. Each narcotics bag is stocked with

2 vials of midazolam 5mg/5ml; 1 vial of ketamine 500mg/5ml; 1 vial of

ondansetron 2mg/2ml; and 2 prepackaged syringes of diazepan 10mg/2ml.   In

addition, there is another safe that stores the excess controlled substance

inventory.  This safe is only accessible by ███████████████.  Both of these

safes are located in a locked crate, which is in a locked storage room at the Crow

Creek Tribal Ambulance Service.  The storage room and crate are accessible

only to limited personnel via keyed access.

12.   My review of the records thus far indicates that the records of the

controlled substances at the Crow Creek Tribal Ambulance Service being

5

administered and ordered do not match.   Interviews of EMS providers employed at the Crow Creek Tribal Ambulance Service have been conducted.   In addition, Dr. Carda was contacted.   According to information gathered during the interviews of Dr. Carda and Crow Creek Tribal Ambulance Service paramedic Robert Todd, paramedics have not had access to fentanyl or hydromorphone for several months.   ████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████.

13.   On July 28, 2020, Dr. Carda gave permission for DEA and HHS/OIG special agents, including DEA Special Agent Frank Feden, to seize control of the excess narcotics safe as these narcotics were ordered under his DEA registration number.   ████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████.   According to order records placed by the Crow Creek Tribal Ambulance Service, over 900 vials of fentanyl .05mg/1ml; 450 vials of morphine 10mg/1ml; 100 vials of morphine 4mg/1ml; and 400 vials of hydromorphone 2mg/1ml, should be present in the narcotics bags and/or excess inventory safe.

14.   Based on my training and experience, I am aware that persons who unlawfully possess controlled substances often consume those substances.   I

6

am aware that hair samples can be collected from individuals, and then the hair samples can be sent to a forensic or chemical laboratory for testing and analysis. Such testing and analysis of hair can, generally, determine controlled substance concentration levels in the body for a period of up to ninety days.   Therefore, a hair sample could be used to determine whether ███████████ has ingested fentanyl or hydromorphone within the last ninety days.

15.    I am also aware that in controlled substance investigations, it can be useful to test an individual's urine for the presence of suspected substances because the individual would had to have possessed the substance in order to ingest it.   I am aware that a urine sample can also be collected from an individual, and then the urine sample can be sent to a forensic laboratory for testing and analysis.   Such testing and analysis of urine can, generally, determine intoxicant levels in the body.   Such intoxicants could include prescription medications, over the counter medications, or other intoxicants (including fentanyl and hydromorphone).   Such testing and analysis of urine can, generally, determine concentration levels of such substances in the body for a period of up to seven days.   Therefore, a urine sample could be used to determine whether ███████████ has ingested fentanyl or hydromorphone within the last seven days.

### CONCLUSION

16.    Based on the foregoing, I submit there is probable cause to believe that of the person or body of ████████████████████████

████████, to include hair and urine samples, contains evidence of the offense of Possession of a Controlled Substance and I request a search warrant be issued authorizing a proper collection of hair and a urine sample from ████████ ████████████████████████████████, for evidence of a violation of 21 U.S.C. § 844.

Dated: __8/12/2020__

_____
Corey J. Dumdei
Special Agent, HHS OIG

SUBSCRIBED and SWORN to before me through telephonic communication this _12th_ day of August, 2020.

_____
VERONICA L. DUFFY
U.S. MAGISTRATE JUDGE

8

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| In the Matter of the Search Regarding: | No. _3:20-mj-51_____ |
| 20-080-03 | **SEARCH WARRANT "REDACTED"** |

TO:   SPECIAL AGENT COREY J. DUMDEI AND ANY AUTHORIZED LAW
ENFORCEMENT OFFICER OF THE UNITED STATES

An Application having been made before me by Corey J. Dumdei, who has

reason to believe that on the person or body of █████████████████████

█████████████████, there is now concealed certain property, namely: hair

and urine samples, which constitutes evidence of the commission of a criminal

offense, namely Possession of a Controlled Substance, in violation of 21 U.S.C.

§ 844.

I find that the Application and Affidavit of Corey J. Dumdei, hereinafter

incorporated by this reference, establish probable cause to search and seize the

evidence as described above.

**YOU ARE COMMANDED** to execute this warrant on or before

8-26-2020 _____ (not to exceed 14 days)

☑ in the daytime – 6:00 a.m. to 10:00 p.m.

☐ at any time in the day or night as I find reasonable cause has been

established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Veronica L. Duffy, United States Magistrate Judge, or her designee.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized,        ☐ for _____ days (not to exceed 30).

☐ until, the facts justifying, the later specific date of

_____.

8-12-2020 at 7:56 pm CDT at Sioux Falls, South Dakota
Date and Time Issued

_____
VERONICA L. DUFFY
United States Magistrate Judge

| RETURN | | |
|---|---|---|
| Case no.:<br><br>3:20-mj-51 | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of:

Inventory of the property taken and name of any person(s) seized:

| CERTIFICATION |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated clerk of courts.

_____